IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUE FULLER,

    Plaintiff,

    v.

SAM'S EAST INC.
doing business as
Sam's Club 4789,

    Defendant.

CIVIL ACTION FILE
NO. 1:18-CV-1641-TWT

## OPINION AND ORDER

This is a slip-and-fall personal injury action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 26]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 26] is GRANTED.

### I. Background

On February 4, 2016, the Plaintiff Sue Fuller visited a Sam's Club in Sharpsburg, Georgia to purchase meat.[1] Fuller entered the store, picked a shopping cart, and went to the meat counter.[2] The meat at this store is

---

    [1]    Def.'s Statement of Material Facts ¶ 1.

    [2]    *Id.* ¶ 5.

displayed in open bunkers, and these bunkers are surrounded by asset protection guard rails.[3] These guard rails surround all of the bunkers in the store, and are intended to protect the bunkers from forklifts, carts, and other equipment.[4] Fuller had been a member of Sam's Club for three to five years before this incident, and had selected meat from this counter on numerous prior occasions.[5] As she made her way to the meat she wanted, Fuller passed other meat bunkers that were surrounded by guard rails.[6] Once she reached the meat she wanted, Fuller waited on another customer to finish her selection.[7] She then walked up to the bunker, faced it directly, and selected the meat that she wanted.[8] Fuller then pivoted to place the meat in her shopping cart, and claims that, in the process of pivoting toward the cart, her foot became stuck on a metal post that supports the guard rail from the floor (the "support rod").[9]

After her foot struck the support rod, Fuller did not fall to the floor, but

---

[3] *Id.* ¶¶ 7-8.

[4] *Id.* ¶ 35.

[5] *Id.* ¶¶ 2-3.

[6] *Id.* ¶¶ 11-15.

[7] *Id.* ¶ 15.

[8] *Id.* ¶ 16.

[9] *Id.* ¶ 18.

2

instead fell onto the meat counter.[10] She also dropped the meat she had selected onto the ground.[11] She then bent down, picked up the meat she had dropped, and placed it in her shopping cart.[12] Fuller then left the meat department, continued shopping, and left the Sam's Club without reporting the incident to any Sam's Club employees.

Fuller claims that her foot became stuck on one of the vertical support rods that supports the guard rail from the ground.[13] She admits that the guard rail itself was open and obvious, but instead alleges that the support rod was not visibly apparent.[14] She argues that the support rods are recessed under the guard rails and cannot be seen when viewed from above.[15] She also argues that the support rods appear "dark" because Sam's Club has no policy or procedure for cleaning the guard rails and support rods, which made the support rods even more difficult to see.[16] As a result of her fall, Fuller claims to have suffered a labral tear and injured her hip. On January 31, 2018, she

---

[10] *Id.* ¶ 19; Pl.'s Response to Def.'s Statement of Material Facts ¶ 19.

[11] Def.'s Statement of Material Facts ¶ 20.

[12] *Id.*

[13] *Id.* ¶ 23.

[14] Pl.'s Statement of Material Facts ¶¶ 39-40.

[15] *Id.* ¶¶ 41, 46.

[16] *Id.* ¶¶ 43-45.

filed this action in the State Court of Gwinnett County. On April 17, 2018, Sam's Club removed to this Court. The Defendant now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[17] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[18] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[19] The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.[20] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[21]

---

[17] FED. R. CIV. P. 56(a).

[18] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[19] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[21] *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

4

III. Discussion

In Georgia, "an owner or occupier of land who induces or leads others to come upon his premises for any lawful purposes is liable to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises safe."[22] Business owners can be held liable to their customers if they fail to "exercise ordinary care in keeping the premises and approaches safe."[23] To recover on a premises liability claim, a plaintiff must prove that: "(1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control."[24] However, the mere fact that someone fell "proves nothing. Such happenings are commonplace wherever humans go."[25] The determining factor is whether the owner has superior knowledge of the

---

[22] *Pope v. Target Stores, Inc.*, No. 2:05-CV-81-WCO, 2006 WL 734603, at *2 (N.D. Ga. Mar. 17, 2006) *aff'd sub nom. Pope v. Target Corp.*, 226 F. App'x 878 (11th Cir. 2007) (citing O.C.G.A. § 51-3-1).

[23] O.C.G.A. § 51-3-1.

[24] *Mercer University v. Stofer*, 345 Ga. App. 116, 123 (2018) (quoting *Samuels v. CBOCS, Inc.*, 319 Ga. App. 421, 423 (2012)).

[25] *Baldwin Cty. Hosp. Auth. v. Martinez*, 204 Ga. App. 840, 842 (1992) (quotations omitted).

5

hazard.[26] "A defendant is entitled to summary judgment when the record shows clearly that plaintiff had knowledge of the hazard that was equal or superior to that of defendant or that plaintiff would have had equal or superior knowledge had plaintiff exercised ordinary care for her personal safety."[27]

Sam's Club makes three arguments in support of summary judgment. First, it argues that summary judgment is warranted because, under the "Fixture Doctrine," there was no hazard as a matter of law.[28] Second, Sam's Club argues that there is no evidence that it had superior knowledge of a hazard if such a hazard existed.[29] Finally, it argues that it is entitled to summary judgment under the "plain view" doctrine because the guard rail was a static condition that was open and obvious.[30] The Court agrees that Sam's Club is entitled to summary judgment because the purported hazard here was an open and obvious static condition. Since summary judgment is appropriate for this reason, the Court need not address Sam's Club's two other arguments.

In this case, the guard rail that Fuller tripped on was a static

---

[26] *Id.*

[27] *Pope*, 2006 WL 734603, at *2 (citing *Freyer v. Silver*, 234 Ga. App. 243, 245-46 (1998)).

[28] Def.'s Mot. for Summ. J., at 11.

[29] *Id.* at 14.

[30] *Id.* at 19.

6

condition.³¹ "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it"³² "When nothing obstructs the invitee's ability to see [a] static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks."³³ The liability of a business is premised on its superior knowledge, so if the invitee knows of the hazard, the business should not be subjected to liability for the resulting injury since the invitee has as much knowledge as the business.³⁴ "Thus, under Georgia law, if the condition is open and obvious, an invitee may avoid it through the exercise of ordinary care."³⁵

Sam's Club argues that summary judgment is warranted because the guard rail and support rods were "open, obvious, and in plain view" and Fuller had "multiple opportunities to see and avoid tripping on the rail and its support posts."³⁶ Fuller admits that the guard rail itself was open and obvious. However, she contends that the support rods that hold the guard rail are not

---

³¹ *See Becton v. Tire King of N. Columbus, Inc.*, 246 Ga. App. 57, 59 (2000).

³² *Id.*

³³ *Pope*, 2006 WL 734603, at *2 (citing *Poythress v. Savannah Airport Comm'n*, 229 Ga. App. 303, 306 (1997)).

³⁴ *Id.*

³⁵ *Id.* at *3.

³⁶ Def.'s Mot. for Summ. J., at 20.

7

open and obvious.[37] According to Fuller, since these support rods were difficult to observe and obstructed from her view, a jury should decide whether they were in plain view.[38]

However, based upon the evidence in the record, the Court concludes that there is no genuine dispute that the support rod that Fuller slipped on constitutes an open and obvious static condition. In a very similar situation, another court in this District concluded that both a clothing rack and the rack's base, which the plaintiff tripped over, were open and obvious conditions.[39] In *Pope v. Target Stores, Inc.*, the plaintiff contended that, even if the clothing rack itself was open and obvious, the base of the rack was not open and obvious because it was obscured by clothing hanging on the rack.[40] The court noted that the "plaintiff's admitted familiarity with the construction of clothing racks

---

[37] *See* Pl.'s Response to Def.'s Statement of Material Facts ¶ 9 (explaining that Fuller "admits the guard rails are easily visible" but that she "does not admit . . . that the guardrail support rods are easily visible").

[38] Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 9.

[39] *Pope v. Target Stores, Inc.*, No. 2:05-CV-81-WCO, 2006 WL 734603, at *3 (N.D. Ga. Mar. 17, 2006).

[40] *Id.* ("It is undisputed that the clothing rack that plaintiff tripped over was in plain view. Plaintiff, however, tripped over the base of the rack. Plaintiff alleges that the base was obscured by the clothing that was hanging on the rack. Plaintiff argues that, as her view of the base of the rack was obstructed, this was not an open and obvious condition that she could have avoided by exercising ordinary care.").

8

in general and her previous experience both working and shopping in similar retail stores lead the court to conclude that plaintiff had knowledge that clothing racks have bases that extend out from the upright structure to support the weight of the clothes hanging thereon."[41] Because of this, it concluded that the plaintiff "had equal knowledge of the 'hazard' created by the base of this clothing rack."[42] In another similar case,[43] a woman tripped and fell over a cart that had been left in the aisle.[44] The plaintiff was aware of the cart, but argued that a corner which she did not see caused her to fall.[45] The court, however, ruled in favor of the defendant because the plaintiff "had actual knowledge of the [cart] which caused her to fall prior to encountering it; she merely did not appreciate its dimensions."[46] Because she had actual knowledge of the cart generally, even if she did not see a constituent portion of the cart, her knowledge was equal to that of the defendant and she had the

---

[41] *Id.*

[42] *Id.*; *see also Wilkins v. Belk, Inc.*, No. 1:17-CV-380-TWT, 2018 WL 2234554, at *2 (N.D. Ga. May 16, 2018) ("Although Wilkins did not look down at the bottom of the racks, she did have actual knowledge of the rack she tripped on as a whole, and nothing obstructed her view of the base.").

[43] *Smith v. Wal-Mart Stores East, L.P.*, No. 5:07-CV-46 (CAR), 2007 WL 2275309, at *1 (M.D. Ga. August 7, 2007).

[44] *Id.*

[45] *Id.* at *4.

[46] *Id.*

9

responsibility to use ordinary care to avoid it.[47]

This case is no different. Fuller had actual knowledge of the guard rail, even if she did not see a constituent portion of the guard rail such as the support rods. She had also previously shopped at this meat department on numerous occasions and was aware of the guard rails. She merely failed to appreciate the specific dimensions and configuration of the rail. "Although a plaintiff is not required to look continuously at the floor for defects, once an invitee observes an object in her path, she is required to use ordinary care to negotiate around it."[48] Once Fuller observed the guard rail, she was required to exercise ordinary care to negotiate around it and its constituent portions.

Furthermore, it would be obvious to any reasonable person that these guard rails are raised from the ground by some type of base, and would take reasonable care to avoid such components. And, even if Fuller could not have seen the support rod, in order to trip over it, she would need to have been walking so close to it that she was not exercising ordinary care.[49] Fuller was

---

[47] *Id.*

[48] *Smith*, 2007 WL 2275309 at *4 (quotations omitted).

[49] *Pope*, 2006 WL 734603, at *3 ("As for plaintiff's claim that the base of the rack was covered by clothing that obscured her view, if true, plaintiff must have been walking so close to the rack that her foot came under the clothes and hit the base. If the base of the rack was not obstructed by clothing, then plaintiff could have seen it. In either scenario, it is clear to the court that plaintiff could have avoided tripping over the base of the rack

10

leaning in so close to the meat bunker that her feet were under the guard rails. She could have avoided tripping over these support rods by exercising ordinary care while standing so close to an object such as this. A reasonably prudent person would not lean in so close to a meat bunker and put her feet under a guard rail without exercising care to ensure that she would not collide with one of the meat bunker's components.

Fuller cites *Redding v. Sinclair Refining Company* in support of her argument that whether the support rods were open and obvious is a question for a jury.[50] In *Redding*, the plaintiff tripped over the inconspicuous supports of a sign placed on a sidewalk.[51] The court explained that in cases "where the plaintiff fell over or ran into an otherwise obvious defect or obstacle, the matter of contributory negligence was held to be a jury question because of allegations explaining that the obstacle was difficult to see because it blended in color with the ground or floor upon which it was resting or was otherwise obscured."[52] However, in contrast to such a situation, Fuller admits that the guard rails were open and obvious. Instead, she contends that the support rod – a

---

through the exercise of ordinary care.").

[50] Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 10.

[51] *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 375-76 (1962).

[52] *Id.* at 377 (collecting cases).

11

constituent component of the guard rail – was hidden. No such argument was made in *Redding*. As explained above, when an invitee has actual knowledge of a static condition, he or she must exercise reasonable care to negotiate this known condition and its constituent components, even if those components themselves are not open and obvious. Thus, unlike in *Redding*, no question of fact for a jury exists as to whether the hazard here was hidden.

Fuller also cites *Jones v. Braswell Electric, Inc.*[53] There, the plaintiff tripped over a coil of wire on the floor at her workplace.[54] She admitted that the coil was easily seen, but argued that she was not aware of it because she had not actually seen it.[55] The court concluded that, due to conflicting testimony, a question of fact existed as to whether the plaintiff should have noticed the wire on the ground.[56] Unlike in *Jones*, there is no dispute that Fuller saw the guard rails at the meat bunker – guard rails that she had previously encountered on numerous occasions. The parties here do not dispute whether Fuller should have seen the guard rail. Instead, Fuller argues that

---

[53] Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 11.

[54] *Jones v. Braswell Elec., Inc.*, 219 Ga. App. 218 (1995).

[55] *Id.* at 219.

[56] *Id.* at 219 ("Here, a jury must determine material questions of fact. Even if Jones did not see or hear Brawn working behind her, given Bartlett's testimony, a question remains whether she should have noticed his presence and have been alert for the wire.").

12

she did not see a portion of the rail. However, under Georgia law, she cannot recover for tripping on an unseen component of an open and obvious static condition. Therefore, *Jones* does not support her argument.

Fuller next argues that she should be excused from exercising ordinary care in avoiding the guard rails because she was distracted.[57] Fuller argues that she was focused on the meat counter, which distracted her from the hazard presented by the guard rails because she was not looking at her feet.[58] She also emphasizes that Sam's Club wanted her focus to be on the meat products.[59] However, shopping at the meat department was one of the reasons she was at the store.[60] This "cannot be accepted under the distraction theory because that was the very activity that brought" Fuller to Sam's Club in the first place.[61] Therefore, Fuller had knowledge of the hazard equal to that of Sam's Club, which precludes her recovery.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary

---

[57] Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 14.

[58] *Id.* at 16.

[59] *Id.*

[60] Def.'s Statement of Material Facts ¶ 1.

[61] *Bartlett v. McDonough Bedding Co.*, 313 Ga. App. 657, 660 (2012).

Judgment [Doc. 26] is GRANTED.

SO ORDERED, this 27 day of June, 2019.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge